# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1265

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Eva Kay Singh, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 20, 1998
Filed:  November 18, 1998

_____

Before McMILLIAN, LAY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Eva Kay Singh challenges her convictions for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Singh to 180 months imprisonment.[1]  On appeal she challenges the district court's:  (1)  denial of her motion to suppress evidence; (2) failure to grant a mistrial for alleged trial misconduct of two jurors; and (3) admission of certain evidence showing Singh's credit card receipts and cellular phone bills.  We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

**A.**

On February 6, 1997, Singh consented to a search by Houston police officers at the Houston International Airport where no cocaine was found on her body or in her luggage. She was allowed to board an airplane for Minneapolis. Because she aroused suspicions of the Houston police officers, the Houston officers called an officer with the Minneapolis/St. Paul Airport Task Force and requested a more thorough search of Singh in Minneapolis. Before approaching Singh at the Minneapolis airport, the Minneapolis officers conducted a background check on Singh which revealed approximately twelve felony convictions, two of them involving drugs. Two plain clothes officers approached Singh as she was about to leave the Minneapolis airport. They asked if they could speak to her. She consented. The officers told Singh she was not under arrest or being detained. They asked her if she was carrying any drugs and she stated she was not. She then said "you can strip search me again if you want to, I don't care." The officers then obtained Singh's consent to a pat search by a female officer, Officer Jelinek.

Officer Jelinek took Singh to a public restroom and performed a strip search in the handicap stall. Jelinek inspected the stall before she conducted the search. No drugs were found on Singh's body during the search. As Singh was leaving the stall, however, Jelinek found a plastic bag containing four kilograms of cocaine lying on the floor of the stall and noticed that Singh's bag was unzipped. Singh was then arrested, and her luggage was searched incident to her arrest. A cellular phone and several credit card receipts were found. At her preliminary hearing, Singh denied knowledge of where the cocaine in the stall came from.

Singh claims she was illegally stopped in Minneapolis and that the consent she gave Minneapolis officers was invalid because it was coerced and involuntary. She argues that her stop was controlled by *Florida v. Royer*, 460 U.S. 491 (1983), where

the United States Supreme Court found the defendant's consent to search invalid.[2] Singh argues the police did not have a reasonable, articulable suspicion to stop her at the Minneapolis airport.

We believe that this case is controlled by *United States v. Mendenhall*, 446 U.S. 544 (1980). In *Mendenhall*, the Supreme Court made it clear that a seizure occurs only when a person's freedom of movement is restrained by means of physical force or show of authority. *Id.* at 553. In the present case, Singh was specifically told by officers that she was not under arrest or being detained. The officers immediately identified themselves to Singh, wore no uniforms, and displayed no weapons as they approached her and requested to speak with her. *See Mendenhall*, 446 U.S. at 554-55 (considering these factors to find that no seizure occurred). As such, we find that there was no intrusion upon Singh's constitutional rights. The mere fact that police officers asked her some questions does not in itself constitute seizure and require suppression of any evidence seized during a consensual search undertaken by officers. As long as there is no restraint, it is settled law that police officers may ask questions of anyone. *Mendenhall*, 446 U.S. at 553-54. Under the circumstances, we find that the principles of *Terry v. Ohio*, 392 U.S. 1 (1968), are inapplicable and no seizure took place. On this basis, we affirm the district court's order denying the motion to suppress.

**B.**

The defendant also contests the district court's failure to grant a new trial based on juror statements. After the close of evidence at trial, defense counsel's wife shared an elevator with three jurors and overheard them express their surprise that Singh did

---

[2]In *Royer*, Royer was stopped and taken to a back room at the Miami International Airport because he fit a drug courier profile. The officers retained Royer's ticket and license and retrieved his luggage. His license, luggage, and airline ticket were held from him by the officers. These facts clearly distinguish *Royer* from Singh's stop by Minneapolis officers. *See Royer*, 460 U.S. at 493-94.

not call any witnesses in her defense. Singh brought this matter to the district court's attention and requested a jury instruction regarding the burden of proof and presumption of innocence. The instruction was given and Singh made no request for a mistrial. Singh now argues that these juror statements warrant a mistrial.

Although we find this issue was not properly preserved by Singh for appeal because no mistrial was requested, we fail to see that the juror statements in any way prejudiced Singh. Any possible harm from the statements was cured by the district court's instruction. Under the circumstances, we find the district court did not abuse its discretion by not granting a mistrial *sua sponte*.

## C.

Singh also asserts that the admission into evidence of the credit card receipts and cellular telephone records to show Singh's past travel habits was prejudicial. We fail to see how the admissibility of these items constituted prejudicial error and we find no abuse of discretion in admitting this evidence.

Judgment affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.